IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TED LAWRENCE ROBERTSON, | § | |
| TDCJ-CID # 117568, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1975 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by Ted Lawrence Robertson, an inmate of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID). After reviewing the pleadings and available state court records, the court will dismiss Robertson's habeas petition because it is untimely under the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996. 28 U.S.C. § 2244(d).

## I. Procedural History and Claims

Pursuant to a guilty plea, Robertson was convicted of theft in 1994 and sentenced to four years probation. State v. Robertson, No. 9411107 (232nd Dist. Ct., Harris County, Tex. Dec. 2, 1994). See Petition (Docket Entry No. 1) at 2. No appeal was filed. Id. at 3, Answer # 8. Robertson's probation was later revoked on July

26, 1995, and Robertson filed an appeal on August 1, 1995.[1]   The appeal was affirmed by the Court of Appeals for the Fourteenth District of Texas on November 14, 1996, and mandate was issued on December 31, 1996.   Robertson v. State, No. 14-95-00886-CR.

Robertson filed several state habeas applications challenging the conviction.   The first application was filed on May 7, 1999, and was denied on September 18, 1999.   Ex parte Robertson, No. 29,520-02.   The second one was filed on June 2, 1999, and was dismissed on March 1, 2000.   Ex parte Robertson, No. 29,520-03. The third and final application was filed on June 24, 2003, and denied on April 21, 2004.   Ex parte Robertson, No. 29,520-06.   See Petition at 3-4, Answer # 11; Texas Court of Criminal Appeals Website. (http://www.cca.courts.state.tx.us/).[2]

The pending federal petition is considered filed on May 29, 2005, the date of Robertson's signature and the earliest possible date he could have given the petition to a TDCJ-CID official for

---

[1]     The information in Robertson's habeas petition is incomplete.   Therefore, the court contacted the Harris County District Clerk's Office and the Fourteenth Court of Appeals in order to obtain more information on the procedural history of the theft conviction.

[2]   Because Robertson admits that his filing dates are "guess[es]", the court has referred to the state court website as well as the Harris County District Clerk's Office to determine what state habeas applications were filed and when they were terminated. Robertson' information is vague and unreliable.   However, it is undisputed that his last state habeas application was denied more than one year before the pending action was filed.

delivery to this court.  Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).

Robertson raises the following claims in his federal petition:

1.   He was denied effective assistance of counsel due to his attorney's failure to investigate the case and properly advise him regarding the charge and possible defenses.

2.   He is actually innocent of the crime of theft.

## II. One-Year Statute of Limitations

Robertson's habeas petition is subject to the AEDPA's provisions, which restrict the time in which a state conviction may be challenged because the petition was filed after April 24, 1996, the date the AEDPA was enacted.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998).  Under the AEDPA, federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme

3

Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding timeliness of the petition before ordering the State to use its limited resources to answer it.   See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

Robertson challenges the validity of a state court judgment. Therefore, his challenge is subject to the time limit set out under § 2244(d)(1)(A).   The state court records indicate that the conviction became final on December 14, 1996, the last day that Robertson could have filed a petition for discretionary review. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (the limitations period commenced when the period for filing a PDR in state court ended), citing TEX. R. APP. PROC. 68.2(a).

Robertson's first state habeas application was filed on May 7, 1999, more than one year after the conviction became final.   The second application was filed during the pendency of the first

application, and was dismissed apparently because it was improperly filed.  The third application was denied on April 21, 2004.

Robertson's federal habeas petition was filed on May 29, 2005, more than 13 months after the denial of the final state habeas application.  Robertson has not shown that he was subject to any state action that impeded him from timely filing his federal habeas petition.  28 U.S.C. § 2244(d)(1)(B).  There is no showing of a newly recognized constitutional right upon which Robertson's petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final.  28 U.S.C. § 2244(d)(1)(C), (D). Therefore, this action is subject to dismissal because it is untimely.  28 U.S.C. § 2244(d)(1)(A).

## III. Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate

5

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Id</u>.; <u>Beasley v. Johnson</u>, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Beasley</u>, at 263, <u>quoting</u> <u>Slack</u>, 120 S.Ct. at 1604; <u>see also</u> <u>Hernandez v. Johnson</u>, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, <u>sua</u> <u>sponte</u>, without requiring further briefing or argument.  <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that Robertson has not made a substantial showing that reasonable jurists would find the Court's procedural ruling to be debatable; therefore, a certificate of appealability from this decision will not be issued.

## IV. <u>Conclusion</u>

Accordingly, the Court **ORDERS** the following:

1.  The Petition for Writ of Habeus Corpus (Docket Entry No. 1) is **DISMISSED** with prejudice because it is untimely.  28 U.S.C. § 2244(d).

2.  A certificate of appealability is **DENIED**.

3.     The Clerk will provide a copy of this Memorandum Opinion
       and Order dismissing this action to the petitioner, and
       will provide a copy of the petition and this Memorandum
       to the respondent and the attorney general by providing
       one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 17th day of October, 2005.


                              _____
                                        SIM LAKE
                              UNITED STATES DISTRICT JUDGE

7