IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TED LAWRENCE ROBERTSON, TDCJ #1175868, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-1975 |
| DOUG DRETKE, Director, Texas Department of Criminal Justice – Correctional Institutions Division, | § § § § § § | |
| Respondent. | § | |

## ORDER

On May 30, 2005, Ted Lawrence Robertson filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), challenging a 1994 conviction for felony theft in Harris County cause number 9411107. On October 17, 2005, the court dismissed the Petition as barred by the one-year statute of limitations (Docket Entry No. 3). Robertson did not appeal. Robertson has now filed a Motion for Relief from a Final Judgment, Order or Proceeding (Docket Entry No. 8) under Rule 60(b) of the Federal Rules of Civil Procedure. Robertson's Motion will be denied for reasons set forth briefly below.

Robertson argues that he is entitled to relief from the final judgment because he is "actually innocent." Actual innocence, if proven, may excuse a failure to comply with the one-year statute of limitations on federal habeas corpus review. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). To be credible, a petitioner must support a claim of actual innocence with "new reliable evidence — whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 115 S. Ct. 851, 865 (1995). To prevail on such a claim, a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 867.

Robertson does not present any evidence establishing that he is actually innocent of the felony theft charge lodged against him in Harris County cause number 9411107. In fact, the pleadings reflect that Robertson entered a guilty plea in that case. See Petition, Docket Entry No. 1, p. 2. Because Robertson has failed to prove his actual innocence, he does not establish that he is entitled to equitable tolling of the statute of limitations. He does not otherwise show that he is entitled to relief from the final judgment under Rule 60(b).

Accordingly, the court **ORDERS** as follows:

1. Ted Lawrence Robertson's Motion for Relief from a Final Judgment, Order or Proceeding (Docket Entry No. 8) is **DENIED**.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 16th day of June, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE